## COLUMBUS MOORE v. THE STATE

### No. 2403.    Decided June 24, 1902.

**Bribery of Officer by Prisoner—Construction of Statute.**

In order to constitute the bribe of an officer in contemplation of article 138, Penal Code, the officer must be in the discharge of a legal and official duty; and the custody of the prisoner must be a legal custody, that is, one where the prisoner has been legally arrested. If the prisoner is in custody without legal authority, he is guilty of no violation of law in offering to pay the officer to release him.

Appeal from the District Court of Hays. Tried below before Hon. L. W. Moore.

Appeal from a conviction of attempting to bribe an officer; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Will G. Barber* and *Ed. R. Kone,* for appellant.—Article 138, Penal Code, upon which this prosecution is based, makes it a felony for any person to bribe or offer to bribe a peace officer to permit any prisoner in his custody to escape. Article 144, Penal Code, defines a "bribe as used throughout this code." to mean any money, etc., given to influence an officer or other person named in that chapter in the performance of any

duty, public or official. These two articles are parts of the same chapter, and construing them together, the bribing or offering to bribe referred to in article 138 must contemplate a lawful custody of the prisoner by the officer, else the offer could not relate to the influencing him in the performance of an official duty.

Independent of article 144, Penal Code, there can be no bribery, nor attempted bribery, in offering to pay an officer to desist from doing that which he has no right to do, and that which the law does not make it his duty to do. Collins v. State, 25 Texas Supp., 202; 3 Enc. of Pl. and Prac., 698, 699; United States v. Boyer, 85 Fed. Rep., 425; Com. v. Reese (Ky.), 29 S. W. Rep., 352; Old v. Commonwealth, 18 Gratt. (Va.), 915, 926; Brown v. State, 13 Texas Crim. App., 358; Hutchison v. State, 36 Texas, 293.

The custody or confinement of appellant being illegal, he had the perfect legal right to be released; having resorted to every other peaceable means available to him, his act in finally proposing to pay the officer to desist from the illegal confinement and to permit him to do that which he had the undoubted legal right to do, can not constitute bribery.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of attempting to bribe an officer, and given two years in the penitentiary.

The charging part of the indictment is as follows: That defendant, Columbus Moore, "then and there unlawfully, willfully and corruptly offered to bribe Tom Jackman, who was then and there the legally qualified deputy sheriff of Hays County, Texas, to permit said Columbus Moore, a prisoner there in the lawful custody of said Tom Jackman as deputy sheriff aforesaid, to escape, in this, the said Tom Jackman as deputy sheriff aforesaid did then and there have in lawful custody said Columbus Moore, a prisoner; and the said Columbus Moore did then and there unlawfully, willfully and corruptly offer to give said Tom Jackman the sum of fifty dollars in money to permit said Columbus Moore, prisoner as aforesaid, to escape from said lawful custody," etc. The indictment is sufficient. White's Ann. Penal Code, sec. 215; Willson's Crim. Forms, sec. 63.

The facts upon which this prosecution is based are very tersely stated in the able brief of appellant's counsel, as follows: "R. S. Kone, in November, 1901, was in the livery business in San Marcos; across the street he had rented a shop in which he kept stored harness and vehicles; the upper portion of this shop was used by Vaughan, at whose shop adjoining defendant and his son George worked. Vaughan had the key to Kone's building and gave it to George one evening to return to Kone, which George failed to do; the next morning a set of harness was gone from the building, worth $22. Kone telephoned to the sheriff's office, and Tom Jackman, a deputy sheriff, came to the stable, and Kone told

Jackman about the harness being gone, and about the key. Jackman went to defendant's house, then to Vaughan's shop, where he got defendant and George, taking them to Kone's stable. He then went with George to defendant's house, secured the harness and returnd to the stable, where defendant had remained with Kone. No complaint had been filed, and no warrant issued for either defendant or his son. Kone did not tell Jackman at any time that either defendant or the boy had burglarized the shop, or that he suspected them of doing so, nor that defendant would escape or get away if not arrested at once, and defendant was not trying to escape. Kone did not even tell Jackman that he thought defendant would escape or get away if not arrested at once. Jackman stated that he frequently arrested persons without any warrant, because it was more convenient; that he had no warrant for defendant, and that the justice of the peace then lived in San Marcos and was at home. At the time of the alleged offer to bribe Jackman had defendant under arrest upon the accusation of theft of the harness, but later made complaint charging him with burglary in connection therewith. Upon cross-examination the State's witness Kone gives the facts covering the alleged offer to bribe Jackman, as follows: 'It is a fact that before defendant made the statement as to the $50, he had begged not to be sent to jail; he then said that he, himself, could stand it, but he hated for the boy to go to jail, and he asked for him to be released. Jackman declined to do this, and defendant then asked him if he could not give bond instead of going to jail. Jackman said that he did not have time then, but he would see about it after he had given the prisoners their dinner. Defendant then asked that he and his boy be allowed to remain in my charge at the stable until Jackman could go with him to arrange about the bond, but Jackman did not agree to this. Defendant then proposed to pay me for the harness, but I said to him that Jackman had entire charge of the matter. It was then the defendant said to Jackman that he would give him $50 if Jackman would agree to let him go and say nothing about the matter. It is true that defendant did not propose to give the $50 simply to be allowed to go, nor did he propose to give the $50 simply if Jackman would agree to say nothing about the matter; the statement was, that defendant would pay the $50 if Jackman would agree to do both.' Jackman testified substantially as did Kone."

It will be seen, from an inspection of the foregoing facts, that appellant was not in contemplation of law under legal arrest at the time the offer to bribe the officer was made. This prosecution is based upon article 138, Penal Code, which provides: "If any person shall bribe or offer to bribe any sheriff or other peace officer to permit any prisoner in his custody to escape, he shall be punished by imprisonment in the penitentiary for a term not less than two nor more than five years." Article 144, Penal Code, reads: "By a 'bribe' as used throughout this code, is meant any gift, emolument, money or thing of value, testimonial, privi-

lege, appointment or personal advantage, or the promise of either bestowed or promised for the purpose of influencing an officer or other person, such as are named in this chapter, in the performance of any duty, public or official, or as an inducement to favor the person offering the same, or some other person." Construing these two articles together, it is made to appear that in order to bribe an officer, as contemplated by article 138, he must be in the discharge of a legal and official duty, and the custody of appellant, therefore, must have been a legal custody, otherwise it is not an official act in arresting appellant. The cases of Flores v. State, 11 Texas Crim. App., 102, and Mosley v. State, 25 Texas Crim. App., 515, seem to support, upon a casual reading, the State's contention. But a closer scrutiny thereof will make manifest the fact that neither of said cases are in point. The Flores case was an effort on the part of appellant to bribe an officer to release him from jail, and the evidence disclosed that appellant was already under judgment of court; and the question of whether or not the mittimus had been issued was held to be immaterial. In the Mosley case, appellant received a bribe to release a prisoner he had illegally arrested. The court held that appellant would be estopped from setting up the illegality of the arrest as a defense to the prosecution. But in the case at bar appellant has nothing to do with the illegality of the arrest, except that in contemplation of law he was suffering an injury to his personal rights by reason thereof. He was not a party to it, he had not acquiesced in it, and could not be estopped from asserting his rights under the conditions and provisions of article 138, Penal Code. The moral aspect of this question appeals strongly to us, as suggested by appellant's counsel; but we must decide the case according to the statute. The statutes under consideration do not make appellant guilty under the facts in this record, because appellant was not legally arrested. This conclusion is irresistible after a close scrutiny of the statutes above cited.

Because the evidence does not support the verdict, the judgment is reversed and the cause remanded.

*Reversed and remanded.*