## J. D. PAGE v. THE STATE.

### No. 7603.   Decided May 2, 1923.

### Rehearing Denied May 30, 1923.

**1.—Unlawful Possession of Intoxicating Liquor—Sufficiency of the Evidence—Application for Continuance.**

Upon consideration of the entire record on appeal the action of the court in overruling the motion for new trial based upon the application for

a continuance, was not without warrant and showed no abuse of discretion, and the evidence being sufficient to sustain the conviction of unlawful possession of intoxicating liquor, the judgment must be affirmed.

**2.—Same—Rehearing—Motion for New Trial—Continuance.**

In determining the question of overruling the motion for a new trial based upon refusal of a continuance, the entire record must be looked to, and unless the affidavits of the absent witnesses are attached the probable truth and effect of the purported absent evidence must be considered, and when this is done no error appears.

**3.—Same—Bill of Exceptions—Evidence—Question and Answer Form.**

A bill of exceptions in question and answer form without any apparent reason therefor will not be considered upon appeal. Following Childress v. State, 92 Texas Crim. Rep., 215.

From the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of possessing intoxicating liquor in violation of the law; penalty, one year imprisonment in the penitentiary.

*Baskin, Dodd & Beene,* for appellant.—On question of continuance; Perez v. State, 87 S. W. Rep., 350; Phillips, v. State, 34 id. 272; Harris v. State 172 id. 1146.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Shropshire, a witness for the State, testified that on the afternoon of the day upon which the appellant was arrested, he (Shropshire) visited the home of appellant, which seems to have been some distance from Fort Worth, though in the same county. Shropshire's mission was to induce appellant to bring the witness some whisky. This appellant refused. The witness then suggested that he would get "his man" to come back that night if some whisky could be obtained. Appellant made no promise to furnish it. Later, however, on the same evening, Shropshire and the witness Concrite went to the home of the appellant reaching there about 9:30 o'clock at night. Appellant and his wife had retired for the night. On the premises was a young man named Bedford. Appellant was told that there was a man who wanted five gallons of whisky. The price was discussed and agreed upon, and appellant instructed Shropshire and Concrite to drive down a certain road, which he described and pointed out. According to instructions, the witnesses waited for the appellant at a point about a quarter of a mile from his place of abode. He appeared in an automobile in which there were two jugs of whisky. It

was sampled by Concrite. The other man called Bedford was also present with the appellant. Bedford had a shotgun. Concrite counted the money and then handed the agreed price of the whisky to Shropshire to count. Concrite then got possession of Bedford's gun and put the parties under arrest. Concrite was a detective and Shropshire, according to the testimony, was acting with him in this transaction.

Concrite described his part in the transaction in accord with the testimony of Shropshire. The witness Rhodes, it seems, was also nearby, and together with the other officers, assisted in making the arrest or appeared soon after Concrite had done so. When appellant was arrested, he said: "Well, you have got me right this time boys."

McCauley, a witness for the appellant, testified that he saw Shropshire on one occasion, about 4:30 in the afternoon, come to the camp at which appellant lived; that appellant and his wife were present. Shropshire had two jugs in the car and requested appellant to bring them to town, but appellant declined to do so, stating that he would not risk it. Shropshire then told appellant that he would take the whisky and hide it, where appellant and his wife would know where to find it. They took the whisky and went in a certain direction, though the witness did not know what they did with it. He knew nothing further about the matter.

The wife of the appellant was not present at the trial. She had been duly subpœnaed but was absent on account of sickness. According to the averment in the motion to continue she would have testified that Shropshire came to the home of herself and husband with five gallons of whisky in his possession, which he said he had sold to Concrite and which he asked appellant to deliver at Fort Worth. Upon appellant's declining to do so, Shropshire said that he would bring a man out that night and to deliver it to him and receive the money therefor; "that Shropshire came out that night, bringing a man with him, to which he delivered the whisky and received pay therefor;" that the only part or act of appellant, Page, in the matter was knowing that the same was to be done; that he had no part in the whisky and in no wise had anything to do with the transaction between the parties.

The trial took place on September 6th. The motion for new trial was overruled on September 11th. The motion is not supported by any affidavit of the absent witness. She resided in the county and was the wife of the appellant. No explanation of the absence of such affidavit is given.

We are of opinion that considering the evidence upon the trial and the entire record, the action of the court in overruling the motion for new trial, based upon the application for a continuance, was not without warrant. Primarily, it was the duty of the trial court to pass upon the probable truth and effect of the absent testimony.

An abuse of the discretion vested in the trial court is not revealed. The judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 30, 1923.

HAWKINS, JUDGE.—The correctness of our opinion is challenged wherein we stated that the record reveals no abuse of the discretion lodged in the trial court in passing upon motion for new trial based upon denying a continuance for absent testimony. In determining this question the trial court and this court must look to the entire record to determine the -probable truth and effect of the purported absent evidence. (Article 608, sub. 6, C. C. P.; Grayson v. State, 91 Tex. Cr. Rep. 641, 236 S. W. Rep., 1110.) If, however, the absent witness make affidavit that he or she would have sworn to the facts stated in the application, and such affidavit be attached to the motion for new trial, the question of the probable truth of such testimony is no longer one for the decision of the trial court. (White v. State, 90 Tex. Cr. Rep., 584 and authorities therein cited.) No affidavit of the absent witness being attached in the instant case we must be governed by the first rule announced, and considering the entire evidence in the record, we are confirmed in our opinion that the trial court was not in error.

Complaint is also made that we failed to consider the alleged error presented in his third bill of exceptions. It was not overlooked, but was not considered because the bill is in questions and answers without any apparent reason therefor. (See Childress v. State, 92 Tex. Cr. Rep., 215, 241 S. W. Rep., 1029, in which many authorities are cited.) Ch. 119, Sec. 14, Acts 32 Leg. R. S. 1911.

All other matters called to our attention in the motion for rehearing were considered upon the original submission though some of them were not discussed, but we were of opinion no error was shown.

The motion for rehearing is overruled.

*Overruled.*