J. B. RUFONY v. THE STATE.

No. 8217. Decided October 15, 1924.

Rehearing denied November 19, 1924.

1.—Manufacturing Intoxicating Liquor—Bills of Exception—Must be Complete.

This is a case of circumstantial evidence, amply supported by the proof. There are ten bills of exception in the record. A number of them are defective in that they merely state the ground of objection made to certain

questions, with nothing in the bills to show the truth of the facts stated as grounds of exception. We have repeatedly held that such bills cannot be considered.

### 2.—Same—Witness—Qualification of—Tender Age.

Where a witness of tender age is examined by the trial court, testing her knowledge of an oath and of making false statements and is held qualified, his holding will not be disturbed.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, two years in the penitentiary.

*Simpson, Moore & Parker,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County of manufacturing spirituous and intoxicating liquors, and his punishment fixed at confinement in the penitentiary for a term of two years.

A number of officers approached a house in Fort Worth about which they had received information. As they approached same one Emerick stuck his head out of a window and hastily withdrew it. In a moment Emerick and appellant emerged from the back door of the house and ran to a toilet some distance east. Some of the officers entered the house and some went to the toilet and took both Emerick and appellant in custody. The latter was in his under clothes and was wet with perspiration. In the house was found a large still and a quantity of mash and manufactured liquor. The temperature of the house was found to be very much warmer than on the outside. No one was in the house when the officers entered. Testimony of the iceman who had been delivering ice at the house for a long time showed that he had delivered large quantities there and that he had seen appellant in and around the house a great many times during the two or three months prior to the raid in question. A girl who lived in a neighboring house said she had seen him around the house almost constantly during such time. The case was submitted to the jury on the theory of circumstantial evidence, and we think their conclusion of guilt justified by the facts.

There are ten bills of exception in the record. A number of them are defective in that they merely state the ground of objection made to the asking of certain questions and the reception of the answers thereto, there being nothing in the bill to show the truth or exist-

ence of the facts stated as grounds of objection. One bill complains of the introduction in evidence of a still, upon the ground that there had been no connection shown between appellant and said still. It is disclosed that officers identified the still as being the one found by them in the house in question. This is also true of the objection made to the introduction of certain quantities of whisky which were identified as being that taken from said house.

Reference in a question to "that house" objected to because not sufficiently definite, is not deemed tenable by us in view of the surrounding testimony showing that the house referred to was that in which appellant and Emerick were when the officers approached same.

We think the examination of the witness Marguerite Brownlee by the trial court testing her knowledge of the effect of an oath and of making false statements, revealed her qualification as a witness.

Two bills of exception directed at testimony of the iceman to the effect that he had seen the accused around the premises where he delivered ice for two or three months, do not seem to us to possess merit.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

LATTIMORE, Judge.—Appellant urges but the proposition that the evidence does not support the verdict. Complaint is made of some verbal inaccuracies which do not affect the conclusions reached. When first seen by the officers appellant and Emerick were running from the dwelling to a toilet in the back yard in which they were promptly apprehended. Appellant had on pants, undershirt and shoes. This clothing is described as being "wringing wet" at the time. The dwelling was what is known as a shot-gun house consisting of three rooms in a row. No one was at the place except appellant and Emerick, the man who ran into the toilet with him. The contents of the dwelling as disclosed by this record consisted of 400 pounds of ice, four gallons of whisky in a water bottle and two gallon jugs of whisky, in the front room; in the second room a still sitting on a gasoline stove, the container under the worm of which had whisky in it, three barrels of mash, a five-gallon bottle of whisky and another bottle partly full of whisky, and an electric fan. The fire was burning under the still; in the third and last room there were eight or nine barrels of mash. By the testimony of two witnesses appellant's presence in and around said house with frequency and regularity for two or three months prior to the raid, was shown. While it is true no one testified to seeing appellant making the whisky, the circumstances are deemed sufficient

to sustain the conclusions of the jury, and the motion for rehearing will be overruled.

*Overruled.*