# MARCH, 1925.

Steve Williams v. The State.

No. 7864.　Delivered March 11, 1925.

Rehearing denied, June 10, 1925.

1.—Offering a Bribe—Bills of Exception—Incomplete—Not Considered.

There are numerous bills of exception in this record, practically all of which pass out because no facts are stated in any of them from which it appears that the reasons therein assigned for the objections made did in fact exist. Such bills make manifest no injury and will receive no consideration at our hands.

**2.—Same—Search Warrant—Validity of—Immaterial.**

Where on a trial for an offer to bribe an officer, who with a search warrant had discovered and seized whisky on appellants premises, the validity of the search warrant under which he acted was immaterial. The moral obliquity of this offense is the same, where the custody of the prisoner is illegal, as where it is legal. Following Mosely v. State, 25 Tex. Crim. App. 515 and numerous cases collated and cited in this opinion.

**3.—Same—Special Charge—To Acquit—Properly Refused.**

Special charge requested by appellant to acquit, if offer to bribe was made in a jocular, or joking manner was properly refused. In what manner a bribe is offered, is immaterial, if the purpose is to corrupt an officer, and deter him from performing an official duty. It may be made indirectly as well as directly or by subterfuge. See Art. 194 of our P. C. Distinguishing Garner v. State, 97 S. W. 98 and Davis v. State, 158 S. W. 285.

Appeal from the District Court of Hall County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction of an offer to bribe; penalty, two years in the penitentiary.

The opinion states the case.

*Morton & Fitzgerald,* and *Black & Morrony,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hall county of offering a bribe, and his punishment fixed at two years in the penitentiary.

The officers went to a magistrate and upon their affidavit he issued a search warrant authorizing them to search appellant's premises for intoxicating liquor. Armed with this search warrant they went to said premises, exhibited said warrant and searched for liquor. In a covered dugout in the yard they found several gallons of whisky. The State's contention on the trial was that appellant then offered Mr. Thomas, the constable, $25,00 to make a false return on the search warrant. Appellant's contention was that he did not know the whisky was in said place, and that when the officers found it he said that he would give Mr. Thomas $25.00 for it, but said it in a joking manner.

There are numerous bills of exception, practically all of which pass out because no facts are stated in any of them from which it appears that the reasons therein assigned for the objections made, did in fact exist. Such a bill makes manifest no injury and will receive no consideration at our hands.

It is urged that a reversal should be ordered because it is not shown that the search warrant was legal and valid. Moore v. State. 44 Texas Crim. Rep. 159, and Ex parte Richards, 44 Texas Crim. Rep. 561, are cited. These cases are discussed and distinguished

in Smalley v. State, 59 Texas Crim. Rep. 95, and again in Goldsberry v. State, 242 S. W. Rep. 221. Admitting that the search warrant in question was lost at the time of this trial and could not be produced,—it is not disputed that the officers who procured same and the magistrate who issued it all swore that it was regularly issued on the form used for that purpose and whose blanks were all filled out; nor is there any question of the fact that said warrant was had by the officers when they went to appellant's premises, and was exhibited by them as their authority to make the search which resulted in finding the whisky. Appellant made no question of the validity of the search warrant, nor did the officer who swore that he subsequently made his return thereon to the magistrate. We are of opinion that appellant's contention in this regard, even if the proof did not meet each filling out of a blank, is covered by what was said by this court in Moseley v. State, 25 Texas Crim. App. 515, Wherein Judge Willson said:

"It matters not whether the arrest and custody were legal or illegal, the said Gable was a prisoner in the custody of the defendant, a peace officer, and was permitted by the defendant to escape, in consideration of money paid him to effect such escape. We are of the opinion that, in a prosecution for this offense, it is not permissible for the defendant to question the legality of his custody of the prisoner. Such an issue is irrelevant and immaterial. The moral obliquity of this offense is the same where the custody of the prisoner is illegal as where it is legal, and the injury to public justice is the same."

Likewise Judge Hurt, in Florez v. State, 11 Texas Crim. App. 102, wherein the legality of the appointment of the officer sought to be bribed, was attacked,—said:

"To hold that deputy sheriffs, etc., * * * can be bribed to discharge the felons, and when those guilty of the bribing are sought to be brought to justice and punishment, that they can plead that the custodians * * * were not in every particular legally appointed,—would be a terrible doctrine indeed. Moral obliquity obtains in the one case as well as the other. The injury to public justice being the same, the defense, if one at all, is strictly technical. without foundation in principle, and evidently against justice."

See also Minter v. State, 70 Texas Crim. Rep. 634; Ex parte Shepherd, 153 S. W. Rep. 628 Ruling Case Law, Vol. 4, page 188, and authorities cited. That it was the duty of the officer having said search warrant to return same showing the results of its execution, can not be questioned. That such return, if truthfully made, would evidence the finding of a quantity of intoxicating liquor on the premises of appellant, is apparent, and this, too, wholly regardless of whether in each particular the blanks in the warrant

were filled out in strict legal form. If falsely returned and no mention was made therein of the finding of such liquor, appellant's purpose would be served. In other words, the legality *vel non* of the particular details in filling out the search warrant was to appellant then; and also in its effect in conveying to the authorities information of his possession of intoxicating liquor, immaterial. The moral obliquity of his act in offering the bribe, if he did so, and its intention was the same, whether the blanks in the form were filled out correctly or not. What we have just said also disposes of appellant's contention in regard to his special charge No. 7 wherein he sought to have the jury told that unless it had been shown that the search warrant was a legal, regular and complete search warrant, he should be acquitted.

Another special charge sought to have the jury told that if the language used by the accused was only used in a jocular or joking manner, he should be acquitted. In the main charge the jury were told that before they could convict they must believe beyond a reasonable doubt that the appellant wilfully and corruptly offered to bribe, etc., and that his offer was with intent to induce and influence E. A. Thomas to make a false return, etc. Following the paragraph of the charge applying to law to the facts appears the following:

"If you find and believe from the evidence that the defendant, Steve Williams, merely offered to purchase from said E. A. Thomas the liquor seized, if any was seized, and not with intent to induce and influence the said E. A. Thomas, as said constable, to make a false return upon the search warrant, if any was issued and served, or if you have a reasonable doubt that said offer to purchase, if any, was made with said intent, then in either event you will acquit him."

In determining the guilt of appellant the question would be what was his intent and purpose in making the offer as he made it. That an offer to bribe was made in a jocular manner would be no defense. The bribery might be consummated in a jocular manner or in a joking way but this would not take away its vice. The gist of the testimony of appellant and his witness Alexander was that by what was said and done by appellant on the occasion in question, he manifested no criminal intent. This was fully covered by the paragraph above quoted from the charge. Had the learned trial judge added to said quoted paragraph the statement "But if on the other hand you believe that the defendant only made the offer to bribe in a jocular or joking manner, you should acquit," this would have been an incorrect statement of the legal principle involved. Attention is called to Art. 194 of our P. C. which aptly meets attempted subterfuges of manner, words, etc, in offering a bribe by saying:

"The bribe, as defined in the preceding article, need not be direct; it may be hidden under the semblance of a sale, wager, payment of a debt, or in any other manner designed to cover the true intention of the parties. The bribe, or the promise thereof, must precede the act which it is intended to induce the person bribed to perform."

We have no difficulty in distinguishing this case on this point from Garner v. State, 97 S. W. Rep. 98, and Davis v. State, 158 S. W. Rep. 285.

Mr. Thomas testified that when he found the whisky on appellant's premises, the latter said to him: "I will give you boys $25.00 if you will destroy this and say nothing about it, or forget it." This we believe to meet in substance the allegations in the indictment that appellant offered said officer $25.00 to make a false return on the search warrant. We do not believe it necessary to his guilt that it be proven that appellant said in so many words: "I will give you $25.00 in money to say nothing in your return on this search warrant about finding this whiskey." Reference is again made to Art. 194 above quoted.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*