### JOHN MILLER v. THE STATE.

No. 11803. Delivered November 28, 1928.
Rehearing denied April 17, 1929.

The opinion states the case.

*J. F. Taulbee* of Georgetown, for appellant.

*C. G. Krueger* and *C. D. Duncan* of Bellville, *Wilcox & Groves* of Georgetown, and *A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, five years in the penitentiary.

It is not deemed necessary to set out in detail the testimony in this case. That for the State sufficiently shows that on the occasion in question an attack was made upon the father of deceased by ap-

pellant and other parties with pistols, etc. Deceased was in company with his father at the time and in the conflict that followed said attack deceased and his father were both killed, deceased being shot in the back and in the head at such close range as that his clothing was set on fire and his head powder-burned. The facts appear sufficient to justify and support the verdict and judgment.

There are some nineteen bills of exception, each of which has been carefully considered. Bills Nos. 1, 2, 3, 7, 8½, 9, 10, 11, 12, 13 and 14 set out proceedings such as that certain testimony was introduced,—or certain charges refused,—and for reasons stated the defendant excepted, but each of said bills is fare of any showing of facts the recital of which in the bill itself this court might know that such objections were well taken. That such bills are insufficient is and has been uniformly held. Buchanan v. State, 24 Texas Crim. App. 195; Rufony v. State, 98 Texas Crim. Rep. 380; Williams v. State, 100 Texas Crim. Rep. 318.

Bill No. 4 is not approved by the trial court, but if so, it in common with bills Nos. 5, 6 and 8, is subject to the criticism that said bills are all in question and answer form without any certificate of the trial court that it was necessary to so have them in order that this court might fully appraise the questions presented. Such bills cannot be considered. Page v. State, 94 Texas Crim. Rep. 486; Smith v. State, 95 Texas Crim. Rep. 581; Taylor v. State, 98 Texas Crim. Rep. 185.

Bill No. 15 relates to exceptions to paragraphs ten and fourteen of the court's charge. We are not in accord with the proposition that paragraph ten of said charge is on the weight of the evidence, and see no force in the objection to paragraph fourteen under the facts of this case.

Bill No. 16 complains of a special charge given at the request of the State. In same the jury were told that though they might believe that appellant killed the father of deceased, or that he was present and acting with others who shot and killed said father, yet they could not convict appellant for the killing of deceased unless they believed beyond a reasonable doubt that appellant shot and killed deceased, acting either alone or with other persons. This seems to present a correct legal proposition and applicable to the facts of this case. The substance of said special charge asked by the State seems to have been asked in special charges asked by appellant, the refusal of which appears in bills of exception Nos. 18

and 19, but the refusal of the latter appears not to be of any weight in view of the giving of the special charge asked by the State.

Being unable to find in this record any error for which reversal should be ordered, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant specifically complains because we did not consider his bills of exception numbers one and two. Number one brings forward complaint that a witness was permitted to testify about a wordy altercation between Robert Schaffner and the Bell boys several months before the killing occurred out of which this prosecution grew. The objection was that appellant was not present at the time of the transaction of which the witness was speaking, and was not shown to have had knowledge of it until after the killing. It is not certified in the bill as a fact that appellant was not present and had no knowledge of the transaction, but the evidence given by the witness as set out in the bill purports to give the names of those present at the time and does not include appellant among them. In view of this and further recitals in the bill as to the action of the court regarding the matter, we think, perhaps the bill should be considered. When objection was interposed to admitting the evidence on the grounds set out above, state's counsel seemed to appreciate the force of the objection and told the court the matter would be "connected up," whereupon the court overruled the objection with the understanding that unless it should be connected up the evidence would be excluded. The witness then testified substantially as follows: That Robert Schaffner and Tommie Bell got into a controversy with reference to the merit of some speeches which had been made at a picnic; that Schaffner approached an automobile in which Tommie Bell and some ladies were sitting and inquired how they liked the speeches, to which one of the ladies replied that someone ought to be tarred and feathered because of one of the speeches. To this remark Robert Schaffner replied that he agreed someone ought to be tarred and feathered but thought the ones who had been doing the tarring and feathering were the ones who should be tarred and feathered. Tommie Bell appeared to resent this remark of Schaffners and told him if he did not like what was said that he (Bell) would get out of the car and stamp him (Schaffner), to which Schaffner replied that he might be able to do that because he (Schaffner) had just had an operation and was still

weak. About this time Luther Bell and Foster Bell, brothers of Tommie, came up, and Luther asked Tommie what the trouble was, and Tommie told him Robert Schaffner was trying to start something, to which Schaffner replied that Tommie was trying to start something; Luther then asked Tommie why he did not get out of the car and stamp him, to which Tommie replied, "No, you are out there, you stamp him." At this juncture the sheriff appeared upon the scene and stopped further conversation between the parties and they separated. At the close of the evidence appellant made a motion requesting the court to withdraw all the evidence which had been given with reference to the occurrence just related. The motion was overruled. We could perhaps with good reason rest the disposition of the bill here. The court admitted the testimony on the understanding that it would be excluded unless connected up and then having declined to withdraw it after hearing all the evidence it would seem logical to assume that it had been so connected, unless the recitals in the bill established to the contrary. But aside from this; it must be remembered that in the fight out of which this prosecution arose the Schaffners were on one side and the Bells on the other. Two of the Schaffners, (one being Robert) and Tommie and Luther Bell were all killed. The state's evidence shows that appellant was present and acting with the Bells at the time of the killing. This being true any evidence showing animosity, ill-will or motive on the part of any of the participants, or which would throw light on who probably began the difficulty, would appear admissible. In the early case of Cox v. State, 8 Tex. Cr. App. 254, after quoting our statute defining principals, Judge White says:

"To our minds, a great deal of the trouble, confusion, and discussion with regard to conspiracy, where two or more are charged with the commission of crime, might and can be obviated by keeping in mind these statutory provisions. If the parties can be identified at the time and place as joint participants in the commission of the crime, why the necessity of going behind that fact to establish a conspiracy to do the act already accomplished, and for which the law denounces them as principal offenders, and liable to punishment as such? Why want a better predicate, or any further evidence even of a conspiracy, if their presence and guilty participation is already established? To us it seems too plain to admit of argument, that, when two or more are found acting together with an unlawful intent in the commission of an offense, the common design and acting together makes them ipso facto conspirators,—endows them as a

body with the attribute of individuality,—merges the conspiracy to do the act in the act itself; and that the previous acts and declarations of each or any such principal offenders in pursuance of the agreed plan, and tending to throw light upon it or the motive or intent with which it was committed, is and should be received as legal and admissible evidence against each and all, whether indicted, prosecuted, and tried jointly or separately."

The following authorities also support the action of the Court in admitting the evidence complained of: Smith v. State, 48 Tex. Crim. Rep. 233; Ross v. State, 60 Tex. Crim. Rep. 547; Poole v. State, 45 Tex. Crim. Rep. 348; Blain v. State, 33 Tex. Crim. Rep 236; Hays v. State, 90 Tex. Crim. Rep. 192; Ross v. State, 98 Tex. Crim. Rep. 567, 267 S. W. 499.

The fight which resulted in the death of Robert Schaffner, his father, and two of the Bell boys occurred about eight o'clock on the night of September 5th. Bill number two brings forward complaint because the trial court permitted a witness to testify about a difficulty which occurred on the morning of September 5th between Robert Schaffner and Tommie Bell, in which Bell had a knife and Schaffner a baseball bat, appellant not being present at the time. These parties with others, including appellant, participated in the fight that night and both Robert Schaffner and Tommie Bell were killed. The authorities cited in the discussion of bill of exception number one sustain the court in admitting the testimony last complained of.

The motion for rehearing is overruled.

*Overruled.*