## WALTER HYLES V. THE STATE.

No. 17904.   Delivered February 26, 1936.
Rehearing Denied April 1, 1936.

The opinion states the case.

*Gordon & Williams* and *A. R. Eidson,* all of Hamilton, for appellant.

*H. W. Allen,* District Attorney, of Hamilton, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder with malice and his punishment was assessed at confinement in the state penitentiary for a term of twelve years.

The record shows that on Friday night preceding the homicide on Monday morning, someone entered the appellant's feed house and took therefrom a rifle, hams, sausage, and some bacon. An investigation of the premises disclosed some automobile tracks in front of the home of appellant, one of which indicated that the left front tire was a Firestone and had a break in the tread, but no tracks were found at the feed house. Several parties visited at appellant's home in automobiles on Thursday night. Appellant reported the loss of his meat to the sheriff who advised appellant to examine a car of the deceased with a view of determining whether the tire corresponded with the tracks at his, appellant's home. He did this on Sunday and found that the deceased's car carried a Firestone tire on the left front wheel which had a break in the tread. On Monday morning the sheriff, by virtue of a search warrant, searched the deceased's premises but failed to find any of the stolen property. Thereafter appellant and deceased met and deceased asked the appellant what he meant by having his place searched and requested appellant to go with him into an alley, which he did. After passing through the alley and to a vacant lot deceased remarked: "We can slow you down where you won't have any more searches made," coupled with the further statement that if he did not go to the sheriff and tell him to stop things where they were that he, appellant, would be hauled out of town. Whereupon appellant replied: "I didn't start it and I am not stopping anything." Whereupon the deceased made a quick move toward his hip, when appellant began shooting, as he said, because he thought that deceased was going to shoot him. After the shooting appellant returned to his car, told his wife that he had killed Campbell, that he had to do it. The deceased was shot twice, once on the left side ranging to the right side and once in the back near the shoulder blade which punctured his lung, from the effects of which he died about ten hours later.

After the deceased was shot and while at the hospital he

made the following statement: "He said Walter Hyles had shot him; that he shot him for nothing, that he accused him of getting some meat, that he never got it." This statement is shown to have been made by the deceased while he was conscious of approaching death.

By bill of exception number one appellant complains of the action of the trial court in overruling his motion for a continuance based on the absence of his wife who was ill and by whom he expected to prove that on the day of the alleged homicide she came to the town of Hamilton with him in a car; that the defendant was unarmed and did not have a shotgun or other weapon; that when defendant was preparing to return home, deceased, Campbell, called him and they walked away; that after the shooting defendant returned to the car and stated to her that he had shot Campbell; that he had to do it; that said witness would further testify that there was stolen from the defendant meat and a gun; that she examined the tracks made by the automobile in which the parties were riding who took the property; that she saw the deceased's car in town, examined the tires on the car and they corresponded with the tracks made at the home of defendant and herself. A first application for continuance is no longer a matter of right, but is addressed to the sound discretion of the trial judge, and where no abuse of discretion is shown there is no error. This matter was again brought forward in appellant's motion for a new trial and upon a hearing thereof it developed that the witness was not in the best of health, but was doing most of her household work at the time of the trial. Besides it was shown by testimony of other witnesses that after the shooting the appellant said that he killed Campbell, that he had to do it to save his own life. The fact that meat and a rifle were taken from the appellant's feed house on Friday night, and that the appellant came to town without a shotgun, or a weapon of any kind, was not even controverted. It was shown that a few minutes prior to the fatal difficulty he procured a pistol from a car belonging to his brother-in-law.

The only material fact which appellant offered to prove by the absent witness was that the deceased called the defendant to him and they walked away, that about ten minutes later appellant returned, stated to the witness that he had killed Campbell, that he had to do it to save his own life. It was shown by a number of witnesses that deceased and appellant went through the alley to a vacant lot where the appellant killed the deceased. It was shown by the testimony of Bennett

that after the shooting he stated that he had to do it to save his own life. The evidence we think fully supplies the testimony of the absent witness and no injury could have resulted to the defendant by the absence of her testimony. It has been held by this court that if substantially the same testimony as that which is absent has been produced on the trial, the accused cannot complain. See Walker v. State, 13 Texas Crim. Rep., 618; Eads v. State, 76 Texas Crim. Rep., 647; Page v. State, 94 Texas Crim. Rep., 486.

By bill of exception number two appellant complains of the action of the trial court in permitting Jeff Burrice to testify that while the deceased was lying on the ground he said: "Men, are you going to let me lie here and die?" and said witness was further permitted to testify that after deceased was taken to the hospital he said: "Walter Hyles shot me, he shot me for nothing. He accused me of getting some meat, that I never got." Appellant objected to this testimony because it was hearsay and no part of the res gestae and no proper predicate had been laid to admit it as a dying declaration. We cannot agree with appellant. The testimony of the doctor, who had preceded the witness, is to the effect that deceased said several times that he was going to die; that he was conscious of approaching death, and in this the doctor was supported by the testimony of the witness who related the dying declaration. We think that a proper predicate was laid for the introduction of the declaration and, therefore, overrule the appellant's contention.

The appellant next complains of the court's charge on the law of self-defense in that the court in his charge restricted the appellant's right of self-defense to an actual attack and failed to charge on apparent attack. We do not believe that the court's charge is subject to criticism addressed to it in view of the fact that the court in paragraph fifteen, charged as follows:

"Under the law of self-defense, homicide is permitted by law when inflicted for the purpose of preventing murder or the infliction of serious bodily injury when the killing takes place under the following circumstances: * * *

"(e) An attack upon the person of an individual in order to justify homicide must be such as produces a reasonable expectation of fear of death, or some serious bodily injury. But in this you are instructed that it is not necessary to the right of self-defense that the danger did actually exist. If it reasonably appeared to the defendant from the circumstances of the

case that the danger did exist, he, thus threatened with such apparent danger had the same right to defend himself against it and to the same extent as he would have were the danger real."

The court further instructed the jury at the close of paragraph fifteen as follows: "* * * and if it reasonably appeared to the defendant, from the circumstances of the case, that danger existed, he had the same right to defend himself against such apparent danger and to the same extent that he would have were the danger real." It is apparent from the foregoing quotation of the court's charge that the court did not limit the appellant's right of self-defense to actual danger which we think fully protected the appellant in his rights and, therefore, overrule his contention. The other matters complained of seem to be without merit and are overruled without discussion.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant bases his motion for rehearing upon three grounds; the first being that we were in error in not sustaining complaint of the action of the trial court in denying the application for continuance. This point was discussed at length in our original opinion, and after reviewing the matter again we think the proper conclusion was reached.

Appellant specifically objected to proof of part of the statement of deceased to the effect that he never got appellant's meat; on the ground that it violated the rule excluding a dying declaration which was the statement of a fact not connected with the circumstances of the killing. (Branch's Ann. Texas P. C., Sec. 1865). In our original opinion we dealt with deceased's statement as a dying declaration only. As we understand the record, such statement was also admissible as res gestae. That part of it particularly objected to in no way impinged on the claim of appellant that he acted in self-defense, hence was not subject to the objection urged. (See Gray v.

State, 47 Texas Crim. Rep., 375, 83 S. W., 705; Branch's Ann. Texas P. C., Sec. 83).

The third ground of appellant's motion for rehearing is based on the refusal of a special charge which sought to have the jury told that appellant had a right to arm himself for protection if he apprehended there would be a difficulty upon meeting deceased because he had been accused by appellant of stealing meat from him. There was no error in declining to give the instruction. No limitation was placed on appellant's right of self-defense. Gatlin v. State, 20 S. W. (2d) 431; Sec. 1950, Branch's Ann. Texas P. C.

The motion for rehearing is overruled.

*Overruled.*

MORROW, P. J., absent.