ERON HARRIS V. THE STATE.

No. 18203.   Delivered June 10, 1936.
Rehearing Denied October 28, 1936.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, ten years in the penitentiary.

There are no bills of exception to matters of procedure. We have gone carefully over the statement of facts, and believe the jury warranted in their conclusion of guilt. In the brief of able counsel for appellant, and supplement thereto, reliance is mainly had on the alleged error of the trial court in refusing to submit the case upon the law of circumstantial evidence. It was admitted by the State that the killing was actually done by Tom Burleson,—its theory being that appellant was present, and that he acted together with Burleson, aiding and advising in the commission of the offense. Appellant was admittedly present at the scene of the killing. His theory, supported by his witnesses, was that he took no part in the killing, save to do what he could to prevent same by words and acts. The State claimed the part taken by appellant in said homicide to have been that he came to the place in a car with Burleson and two others; got out of the car; walked with the three across to where deceased was standing in front of a store; struck deceased on the head, stepped aside and told Burleson to shoot, and almost if not immediately Burleson fired, and then again and again, killing deceased.

We see no good to come from setting out the testimony at length. It would but show that one group of witnesses testified to one state of facts, and another group to a contrary state of facts. Appellant and his witnesses detailed before the jury his and their acts and words as trying to keep Burleson from shooting. The State witnesses swore that when appellant's party walked up to deceased appellant shook hands with deceased, released his hand, and struck deceased on the head. Mr. Matthews, a clerk in the store mentioned, testified that he was about twenty feet from the parties, and when appellant struck deceased the latter started to run, and appellant said "Shoot him, Tom," and the first shot was fired, as Matthews said, "Right after that statement from Mr. Harris, it all happened right together."

The point most in issue was whether appellant was shown to be a principal in the offense, that is, to be acting together with Burleson in the killing. Our statute (Art. 66, P. C.) says;—and the court below so told the jury in his charge that, —"When an offense is actually committed by one or more per-

sons, but others are present, and knowing the unlawful intent, aid by acts or encourage by words or gestures, those actually engaged in the commission of the unlawful act, * * * such persons so aiding, encouraging or keeping watch are principal offenders."

A State witness having sworn that just before the shooting appellant struck deceased, and said "Shoot him, Tom," and that at the same moment Tom did shoot and kill deceased,— the need for a charge on circumstantial evidence would be wholly absent. As we view the record, the only remaining question was for the jury, that is, did the State witnesses or those for appellant tell the truth, and there is left for us only the duty of determining whether the testimony properly supports the resulting verdict.

Appellant cites Pannel v. State, 51 S. W. (2d) 398; Henderson v. State, 48 S. W. (2d) 271, and Joyce v. State, 234 S. W., 895, in his supplemental brief, and Blackstock v. State, 29 S. W. (2d) 365; Williams v. State, 42 S. W. (2d) 1017, and other cases in his original brief. These cases have been examined, and on their facts clearly differentiate themselves from the case before us. For instance, the Henderson case, supra, which able counsel refers to as "A gray mare case," appears to us wholly different, and we note in the opinion therein the statement that it was uncontroverted in that case that the accused was not present when the fatal shots were fired, and no witness swore that he said anything to the man who did the killing, advising or urging him to so act, and we said: "That appellant knew of such unlawful intent, or that anything appellant may have done was in aid or furtherance thereof, must be deduced from other facts in evidence." In the Joyce case, supra, two men entered a restaurant in Temple, the proprietor of which was a stranger to both, and neither of them appeared to have had the slightest idea of trouble at the time they went in the restaurant to get something to eat. One of them was talking about a car he had in a garage, and used language concerning it which fell upon the ears of the restaurant keeper, who conceived it to be applied to him, and in a hasty quarrel which arose the restaurant keeper was killed by Joyce's companion. We were discussing in our opinion the lack of evidence to show that Joyce knew or said or did anything that would justify his being held a principal, and rightly said that such fact was only an inference, and the court ought to have given the jury a charge on circumstantial evidence. Each of the other cases mentioned present substantial points

of difference to make it not usable as a precedent here.

It is not necessary as a predicate to an acting together as principals that a conspiracy between the parties to commit the crime be shown, and the exceptions to the court's charge in this case,—based on his failure to explain the law of conspiracy, or of the act of a killing being the result of a formed design between the defendant and others, etc., appear to be without merit. The language of Art. 69, P. C., is that "Any person who advises or agrees to the commission of an offense and who is present when the same is committed, is a principal." Authorities might be cited. We pretermit discussion of the various exceptions to the court's charge for other reasons because our examination of the charge convinces us of the lack of merit in such complaints.

The fact that appellant's witnesses denied and disputed the testimony of the State witnesses as to what took place at the time of the killing, could but create a matter of conflict in testimony. If the jury believed Matthews and the other State witnesses, appellant was a principal offender in this killing. The court's charge clearly told the jury that if they had a reasonable doubt as to whether appellant aided Tom Burleson by acts or encouraged Tom Burleson by words or gestures, or advised or agreed to the commission of said unlawful act by said Tom Burleson, they should find him not guilty. The court also told the jury that the mere presence of the defendant at the place where the killing occurred would not make him a principal, and that even though appellant may have known of the unlawful intent of Burleson to kill deceased, yet if he did not aid Burleson by acts or encourage him by words or gestures in the commission of such unlawful act, they should acquit him.

Responding to appellant's exception apparently, the court told the jury that if they believed from the evidence, or had a reasonable doubt thereof, that on the occasion of the killing and just prior to the firing of the fatal shots by Burleson, that Burleson and deceased engaged in a personal difficulty, and appellant entered into such difficulty for the purpose of separating said parties, and of preventing further trouble, etc., and took no further part in the transaction, they should find appellant not guilty.

Not being able to agree with any of the contentions of appellant, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—If we understand the gist of appellant's renewed complaint, it is that the court should have amplified his charge on principals, and in substance have told the jury that the acting together of Burleson and appellant must have been the result of a conspiracy—that is, the result of a previously formed design to kill Gann. The State's evidence, if believed, showed that Burleson and appellant were acting together. Appellant was present; struck Gann, and told Burleson to shoot Gann, which Burleson immediately did. The facts make pertinent the charge given by the court. The statement of Judge White in Cox v. State, 8 Tex. App., 254, becomes appropriate. After quoting the articles of the Penal Code relating to principals, Judge White said:

"To our minds, a great deal of the trouble, confusion, and discussion with regard to conspiracy, where two or more are charged with the commission of crime, might and can be obviated by keeping in mind these statutory provisions. If the parties can be identified at the time and place as joint participants in the commission of the crime, why the necessity of going behind that fact to establish a conspiracy to do the act already accomplished, and for which the law denounces them as principal offenders, and liable to punishment as such? Why want a better predicate, or any further evidence even of a conspiracy, if their presence and guilty participation is already established? To us it seems too plain to admit of argument, that, when two or more are found acting together with an unlawful intent in the commission of an offense, the common design and acting together makes them ipso facto conspirators, —endows them as a body with the attribute of individuality,— merges the conspiracy to do the act in the act itself; and that the previous acts and declarations of each or any such principal offenders in pursuance of the agreed plan, and tending to throw light upon it or the motive or intent with which it was committed, is and should be received as legal and admissible evidence gainst each and all, whether indicted, prosecuted, and tried jointly or separately."

See, also, Miller v. State, 112 Texas Crim. Rep., 194, 15 S. W. (2d) 1043; Thompson v. State, 116 Texas Crim. Rep., 460, 33 S. W. (2d) 1067; Jennings v. State, 121 Texas Crim. Rep., 384, 51 S. W. (2d) 341. Under the facts in evidence the trial court appears to have had a comprehensive view of the case, and submitted the issues both for the State and for appellant

in a fair manner. To the instructions given no just ground of complaint appears tenable.

We have read with interest appellant's motion for rehearing, and have re-examined the charge of the court and the evidence found in the record, but believing the case to have been properly disposed of originally, the motion for rehearing will be overruled, and it is so ordered.

*Overruled.*