## ALVIN MACKEY V. THE STATE.

No. 19095.   Delivered June 23, 1937.
Motion for Rehearing Overruled (Without Written Opinion)
November 3, 1937.

The opinion states the case.

*Frank Sparks,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of stealing an automobile of the value of $500.00, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The State's testimony shows that on the night of March 1, 1935, appellant and Merline Rogers took Tom Price's car while it was parked on the streets of the town of Albany in Shackelford County and drove away towards Moran.  On the way they stopped at Sedgewick and purchased some gasoline from T. L. Haggard.  They did not go into or through Moran, but purposely passed around it.  Before reaching Cisco they had an accident.  The car turned over and as a result it was wrecked and the occupants injured.  The car was so badly damaged that they abandoned it and walked to the home of J. E. Rogers where they spent the night.  Appellant was severely cut and bruised in the accident and his clothes were bloody.  The next morning he and Merline Rogers undertook to account to Mr. J. E. Rogers for appellant's condition, saying that they had been to a dance where they got into a fight.  On the same day about dark ap-

pellant told Mr. Rogers that he was going to the pumping station in order to avoid the officers. The next evening Mr. Rogers went to the pumping station, saw appellant, and had a conversation with him in which appellant said it was the first time he had ever stolen a car and did not have it placed. Appellant disappeared from the community and was gone for more than a year before the sheriff located and arrested him. The testimony further shows that appellant and Merline Rogers were seen in the town of Albany about the time the car was stolen. Appellant did not testify. He offered some witnesses by whom he proved that he was not with Merline Rogers when they saw Merline Rogers leaving the town of Albany in the red pick-up car. Martin Nelson testified that he was in the town of Albany on the night the car was stolen; that he stood on the sidewalk at the corner of Miller's Garage talking to Vernon Minor; that suddenly Minor remarked, "I wonder where Heavy Rogers is going in such a hurry in that red pick-up." The witness did not recognize anyone in the car.

Appellant's only contention is that the court erred in overruling his motion for a continuance based upon the absence of Vernon Minor who if present would have testified that on the night of the alleged theft of Price's car he was standing on the sidewalk in the town of Albany talking to Martin Nelson at which time he saw Merline Rogers driving away from the post office alone in a red pick-up car. The trial court qualified the bill of exception and in his qualification states that it was appellant's third application for continuance; that the alleged testimony of the witness Minor is cumulative of the testimony given by the witness Nelson, and even if Minor had appeared and testified to the facts as alleged, the result would not have been otherwise. Under the facts as disclosed by the record we would not be justified in saying that the trial court's conclusion as expressed in his qualification is without any basis. Nelson was permitted to testify that Vernon Minor remarked to him, "I wonder where Heavy Rogers is going in such a hurry in that red pick-up." Therefore if Minor had been present and testified as appellant contended, his testimony would have been substantially the same as that given by Nelson. Hence it is obvious that his testimony would have been cumulative. See Allen v. State, 64 Texas Crim. Rep., 225; Hyles v. State, 92 S. W. (2d) 450. Ordinarily the granting or refusing of a motion for continuance rests within the sound discretion of the trial court, and unless it is made to appear from the record that the trial

court abused his discretion this court will not disturb his conclusion.

The sufficiency of appellant's diligence to procure the attendance of the witness presents quite a serious question.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.