JACK HESTER v. THE STATE.

No. 7676.   Decided November 7, 1923.

Rehearing denied June 4, 1924.

1.—Possessing Intoxicating Liquor for the Purpose of Sale—Insufficiency of the Evidence.

Where, upon trial of unlawfully possessing intoxicating liquor for the purpose of sale, the evidence is insufficient to support the conviction, the judgment below must be reversed and the cause remanded.

2.—Same—Bill of Exceptions—Evidence.

Where, upon trial of unlawfully possessing intoxicating liquor for the purpose of sale, defendant excepted to the testimony of the sheriff in saying that he was called by the county attorney, and that the officers went down to the house where they had this conversation out of the presence of the defendant, but no injury was shown, this would not be cause for reversal, but the evidence being insufficient to sustain the conviction, there is reversible error.

Appeal from the District Court of Kent.   Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of unlawfully possessing intoxicating liquor for the purpose of sale; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Stinson, Coombes, Brooks & Robinson,* for appellant.

*R. G. Storey,* Assistant Attorney General for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Kent County of possessing intoxicating liquor for the purpose of sale, and his punishment fixed at one year in the penitentiary.

The evidence shows appellant in possession of a number of bottles of whisky; the jury were justified in concluding that he had same in violation of law.

There are three bills of exception in the record, the first of which complains of the refusal of a peremptory instruction in favor of the accused; the second complains of testimony of the county attorney of Kent County to the effect that he requested the sheriff and the constable to go with him down to the house where appellant was found in possession of the liquor. The complaint is of a matter that has no possible injurious effect upon appellant's case. The men went together down to said house and the fact that the county attorney asked them to go could operate to produce no injury. Appellant's remaining bill of exceptions complains of the testimony of the sheriff in saying that he was called by the county attorney in March to come over to Jayton on a certain Saturday night and when that time arrived he was there and accompanied the county attorney down to said house. The complaint evidenced by the two latter bills of exception seems based on the proposition that what was said and done was out of the presence and hearing of the appellant and he was not bound thereby. Granted. Illustrations without number might be multiplied of things that are done out of the presence and hearing of the appellant which are admissible. Things that are said under such conditions would appear to be hearsay and might well be omitted on the trial, but where they are of matters from which no reasonable mind could conclude any possible injury, this court will not reverse.

An affirmance is ordered.

*Affirmed.*

ON REHEARING.

June 4, 1924.

LATTIMORE, JUDGE.—In the light of appellant's motion for rehearing we have carefully scrutinized the facts and are constrained to agree with appellant that they do not support the conclusion of

guilt. It is shown without dispute that on the occasion in question appellant in company with another man went down to the home of a negro and that the men parted just before they got to the house, appellant going out to the barn. Presently he came back into the room with four pint bottles of whisky. In a few minutes officers came in and confiscated the liquor. There is no suggestion as to the purpose for which appellant had it. He neither sold nor offered to sell nor discussed the sale of it, and the evidence tends as strongly to support the proposition that he had just bought it for some purpose not disclosed, or that he had it for his own use as any other. No other transaction of the appellant in connection with any liquor is made to appear in the record, and upon more mature consideration we are convinced that we erred in affirming the judgment.

Appellant's motion for rehearing is granted, the affirmance set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*