HENRY VEASEY v. THE STATE.

No. 8401.    Decided April 16, 1924.

**Unlawful Possession of Intoxicating Liquor—Charge of Court.**

Where, upon trial of unlawful possession of intoxicating liquor for the purpose of sale, the court charged the jury substantially that if they believed that defendant possessed liquor for beverage purposes, or for some other lawful purpose such as mechanical use, etc., he would be guilty, the same is reversible error. Following: Mitchum v. State, 91 Texas Crim. Rep., 63.

Appeal from the District Court of Harrison. Tried below before the Honorable P. O. Beard.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lyttleton & Jasper,* for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for a period of two years.

There was found in possession of the appellant two and one-half gallons of whisky. A still was also upon his premises. Appellant claimed in his testimony that he was suffering from rheumatism and was making whisky for medicinal purposes; that he had certain herbs which he intended to put into the whisky and use as a remedy for

the disease mentioned. There is no affirmative evidence giving any other explanation of his possession of the whisky. There is no suggestion in the record that he had sold or offered to sell any of the liquor.

The court, in instructing the jury, told them that if they believed that the appellant possessed liquor for the purpose of sale, he should be convicted. In addition to that charge, he gave the following:

"On the other hand, if you believe from the evidence that the defendant was possessing the liquor solely for his own use as a medicine in sickness, then find the defendant not guilty.

"Again, if you have a reasonable doubt as to whether he was possessing the liquor in question solely for his own use as a medicine in sickness, then give the defendant the benefit of that doubt and find him not guilty."

The learned trial judge apparently misapprehended the phase of the statute under which the prosecution is made. The offense denounced is "the possession of intoxicating liquor for the purpose of sale." The burden rested upon the State to prove not only the possession but that the possession *was for the purpose of sale.* The appellant might have had liquor for use as beverage, but such possession would not have been within the provision of the State statute. See Vernon's Complete Stat., (1920) Art. 588¼. It was however, within the terms of the charge. In other words, under the instruction, if the jury believed that appellant possessed liquor for beverage purposes or for some other lawful purpose such as mechanical, scientific or sacramental use, he would, under the charge of the court, have been guilty. Ex Parte Mitchum, 91 Texas Crim. Rep., 63. It is true there was no affirmative evidence that he had it for any purpose except for medicinal purposes. The State relied upon circumstances, which by the way were very meagre, to show that the whisky in appellant's possession *was for the purpose of sale.*

Taking the charge as a whole, as framed, it misdirects the jury with reference to the substance of the offense defined by the statute. It should have been corrected or cured by a special charge. The refusal to do so requires a reversal of the judgment, which is ordered.

*Reversed and remanded.*