## M. F. DAVIS v. THE STATE.

### No. 9036.   Delivered May 13, 1925.

### Rehearing Denied October 14, 1925.

#### 1.—Transporting Intoxicating Liquor—Evidence Held Sufficient.

Where on a trial for transporting intoxicating liquor it was shown that there was found concealed in the back of appellant's car, two sacks full of empty bottles, two five-gallon jugs and eight pint bottles full of whisky, and appellant testified that he had bought the whisky and was carrying it home to drink when he had heart trouble, for his heart trouble, and when he didn't have heart trouble to drink because he liked it, we cannot say that the verdict of the jury was contrary to the law and the evidence.

##### ON REHEARING.

#### 2.—Same—Charge of Court—Held Correct.

In their able motion for rehearing counsel for appellant complains of the following paragraph of the charge, "If the defendant transported the liquor solely for medicinal purposes, he would not be guilty and should be acquitted, but if you find from the evidence, beyond a reasonable doubt that the liquor was transported by the defendant to be used as a beverage, and not for medicinal purposes, then his action in transporting same, could not be justified in law." We cannot agree with appellant that such charge was upon the weight of the evidence, and the motion for rehearing is overruled.

Appeal from the Criminal District Court of Harris county.   Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*A. C. Winborn,* and *Mathis, Heidingsfelder, Teague & Kahn,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Harris county of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There is no question raised of the fact of transportation of intoxicating liquor.   Under a tarpaulin over the back seat of appellant's car were found two sacks full of empty bottles and underneath these two five-gallon jugs of whiskey and eight pint bottles of whiskey, making in all eleven gallons of whiskey in appellant's car.   Appellant took the stand as a witness in his own behalf and said he met a fellow

on the day of the alleged offense who offered him whiskey at four dollars a gallon and that he bought all he had. Appellant said: "I wanted to get some whiskey. I wanted to get some for my own use, . . . and I told him I would take it." In another place appellant said: "I like a drink just the same as anybody else and I bought it from him." Appellant's counsel asked him if he had been using whiskey for any particular purpose, and why, to which appellant said: "Well, I always drank whiskey, for medical use for one thing." On cross-examination appellant said, "I said that I liked a drink of whiskey like most other men. I had that whiskey to drink as a beverage, and I was carrying it to my home. I had carried it in my car about 12 or 13 miles that morning, and I was carrying it home to use as a beverage, to drink when I wanted to take a drink of whiskey." Referring to his arrest, appellant said that when Mr. Nix asked him what he had in his car he did not tell him he had liquor, and did not tell him that he had ever had any heart trouble. In another place appellant was asked if he was taking the whiskey for beverage purposes regardless of the heart trouble, and he said he liked whiskey and that he had this heart trouble, and that he had always liked whiskey; that he had always drunk whiskey; that he drank it before he had heart trouble, and would still drink it if he did not have heart trouble, and that he did not wait until he had an attack of heart trouble before he drank it,—that he drank it whenever he wanted it. Asked if these were the reasons why he had the whiskey and why he was carrying it home, he said, "Yes, sir." There was no pretense of transportation for any of the other purposes excepted by the statute. In this condition of the record the learned trial judge told the jury that if defendant transported the liquor solely for medicinal purposes, he would not be guilty and should be acquitted, but that if they believed from the evidence beyond a reasonable doubt that the liquor was being transported by appellant to be used as a beverage and not solely for medicinal purposes, that his transportation of same would not be justified. The only exception of any kind found in this record is taken to the charge of the court just mentioned. It is urged that under the authority of Varsey v. State, 260 S. W., Rep. 1054, the change was subject to the exception presented. In our opinion the facts of that case are so dissimilar from those appearing in the record before us as to render that case not an authority applicable. The proof before us seems to demonstrate beyond doubt that appellant was transporting the liquor for beverage purposes. It would be unsound to say that a man who claimed to be transporting whiskey which he proposel to use for medicinal purposes in case he had sickness, and for beverage purposes when no one was sick, could excuse his transportation of a large quanity of whiskey along a public highway. We think the charge of the court and the decision of the jury

supported by the testimony. In any event under Art. 743, such charge would not be harmful.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—The third paragraph of the court's charge is as follows:

"It the defendant transported the liquors solely for medical purposes he would not be guilty and should be acquitted, but if you find from the evidence, beyond a reasonable doubt, that the liquor was transported by the defendant to be used as a beverage, and not for medicinal purposes, then his actions in transporting the same could not be justified in law."

We have carefully analyzed this paragraph, and that part of it which is complained of, in the light of the testimony of appellant, and do not believe it on the weight of the testimony. Appellant was transporting eleven gallons of whiskey. His statement of his purpose in its transportation is set out in our opinion. The motion of appellant is courteous and appealing, but we are unable to bring ourselves to believe the matter complained of, i. e., that the charge is on the weight of the testimony, is of such seriousness as to call for a reversal.

The motion for rehearing will be overruled.

*Overruled.*