## JOHN T. KING V. THE STATE.

No. 9719. Delivered April 7, 1926.

**1.—Possessing Intoxicating Liquor—Continuance—Erroneously Refused.**

Where, on a trial for possessing intoxicating liquor, for the purpose of sale, appellant sought a continuance of the case to secure the attendance of a witness by the name of Lowry. The diligence to secure the attendance of this witness was sufficient, and the purported testimony of the witness, who was temporarily out of the county, was material, and the continuance should have been granted.

**2.—Same—Evidence—Properly Admitted.**

Where, on a trial for possessing intoxicating liquor for the purpose of sale, there was no error in permitting the state to show that there was coloring matter, which could be used in coloring whiskey, found upon the premises of appellant, nor in receiving testimony to the effect that appellant's stock of groceries, situated in the building, was small.

**3.—Same—Charge of Court—Erroneous—Not Reversible Error.**

Where, on a trial for possessing intoxicating liquor for the purpose of sale, the court instructed the jury that they should acquit appellant, if they had a reasonable doubt that such possession was for medicinal purposes. This charge was too restrictive, in that the possession of the liquor must be shown beyond a reasonable doubt to be for the purpose of sale. However, in the light of the charge as a whole, this error would not be reversible, in the absence of a requested special charge. Distinguishing Veasy v. State, 260 S. W. 1064. Following Morris v. State, 279 S. W. 273, and other cases cited.

Appeal from the District Court of Upshur County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty four years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of four years.

Appellant had in his possession two bottles of whiskey, one containing twelve and the other three ounces. He explained his possession by testimony that he had obtained it on pre-

scriptions and possessed it for medicinal purposes. The state combatted this theory by circumstances. Upon its behalf there was testimony introduced going to show that there were many fruit jars and containers upon the premises occupied by the appellant, all of which were closed with corks or tops and in some of which there was a small quantity of whiskey.

Appellant sought a continuance of the case to secure a witness by the name of Lowry. Without stating the details, we are of the opinion, considered in the light of the record, that diligence to secure the testimony, although a subpoena had not been served, was sufficient and that the purported absent testimony was material. The witness was temporarily out of the county and the securing of his attendance by delay was probable.

The total amount of the liquid found in the containers other than the two bottles mentioned was about an ounce. By the testimony of Lowry appellant expected to show that the premises in which the containers were found had been used for the purpose of a saloon, at which time it was not under his control; that the containers mentioned had been upon the premises in the condition in which they were found by the state's witnesses before appellant used the premises in which his business was situated. The action of the court upon this application was brought forward in the motion for new trial, and it is believed, in the light of the evidence heard upon the trial and the manner of trial, that his motion should have been granted.

There are various other bills of exception in the record.

There was no error in receiving testimony that there was coloring matter which could be used in coloring whiskey upon the premises occupied by the appellant; nor do we think error was committed in receiving the testimony to the effect that appellant's stock of groceries situated in the building in question was small.

The testimony showing the presence of the other containers mentioned above with a small quantity of whiskey described as "draining" was not improperly received.

The district attorney asked a witness if the containers did not show that they had contained a great deal more whiskey. This question was improper because it called for a conclusion, but the court having properly sustained the objection, it does not show harmful error.

The complaint of the failure of the court to charge upon circumstantial evidence is not tenable, as the law upon that subject is embraced in the main charge.

Paragraph 6 of the court's charge is as follows:

"If the defendant possessed such liquor, but such possession was for medicinal purposes, then the possession would not be unlawful; so if you shall find the defendant possessed spiritous liquor capable of producing intoxication, as charged in the indictment, and as testified to by the witness, in the indictment, but if you further find that such possession was for medicinal purposes, or if you have reasonable doubt thereof, you will find him not guilty."

Complaint is made of this charge upon the ground that it unduly limited the right of the appellant to possess liquor and is calculated to lead the jury to the conclusion that a conviction would be authorized if the liquor was possessed as a beverage or for mechanical, scientific, or sacramental purposes.

In Paragraph 5 of the court's charge the jury was specifically told as a predicate for conviction that they must believe beyond a reasonable doubt that appellant possessed the intoxicating liquors for the purpose of sale. It is true, as said in Veasey's case, 260 S. W. 1054, that it rested upon the state to prove that appellant possessed the intoxicating liquor *for the purpose of sale,* and that if he had it for any other purpose he would not be guilty. The charge given by the court in Veasey's case, supra, was faulty and much more restrictive than that in the present case. In it the jury was given to understand that appellant's acquittal would be dependent upon their *belief* that he possessed the liquor *solely for his own use as medicine* in case of sickness.

In the present case, the appellant's defensive theory, namely, that he possessed the whiskey for medicinal purposes, was accurately submitted to the jury, coupled with an instruction upon reasonable doubt. It would have been appropriate that the jury be instructed that if the whiskey was possessed for any other purpose than for sale, an acquittal should result, but upon the record and the charge as given, it is not believed that the failure to so instruct the jury requires a reversal. See Morris v. State, 279 S. W. 273. If such an instruction had been specifically requested, the court should, and doubtless would, have given it. See Davis v. State, 275 S. W. 1042; Walden v. State, 272 S. W. 139.

Because of the refusal to grant a new trial, the judgment is reversed and the cause remanded.

*Reversed and remanded.*