G. E. ROUSEY v. THE STATE.

No. 11658. Delivered May 30, 1928.

34

The opinion states the case.

*Weeks, Morrow, Francis & Hankerson* of Wichita Falls, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale, punishment five years in the penitentiary.

It is a rule of this court, uniformly adhered to, that the objections appearing in any bill of exceptions, must be supported either by a statement of facts, or by some certificate of the trial court that the facts stated as objections are true. We are confronted in this case with the proposition that bills of exceptions Nos. 1, 2, 3 and 6 each contain an identical statement, as follows:

"After the witness R. D. Morris had testified * * * that such premises were where the defendant * * * roomed and boarded, such premises being the home of one Rose Wellborn, who was not related to defendant, but the defendant had a right to keep his car on the premises where it was located at the time of the search, and in fact

had a right to come and go as he saw fit and use any portion of the premises for any purpose he desired."

When we examine the statement of facts in this case we are confronted with the proposition that nothing therein shows that the facts quoted above were given in testimony by the witness Morris to whom such testimony is accredited in each of said bills of exception. Many authorities of this court hold that where there is a conflict in the bill of exceptions and those found in the statement of facts, we accept those stated in the bill. Whenever the facts stated in a bill of exceptions and those appearing in the statement of facts are different, and as widely different as appears in this case, it causes confusion and gives us trouble. Attention of trial courts is again called to the need for care in seeing that the facts stated in bills of exception are not in conflict with those in the statement of facts.

We are not called on in this case to decide whether the evidence of the officers, as to what they found in appellant's car upon search thereof, was properly received, for the reason that appellant took the stand in his own behalf and swore to the fact that the officers found the liquor in said car. McLaughlin v. State, 4 S. W. (2d) 54.

A bill of exceptions sets out complaint of the court's refusal to allow in evidence a statement made by appellant at the time of his arrest and the discovery of the whiskey in his possession, which he is charged with having transported. It appears from the bill that if allowed, the proof from the state witnesses as to what appellant said at the time of his arrest would have been as follows:

"That the whiskey in question was purchased at the request of prohibition agent W. R. Logsdon and was so purchased for the purpose of catching one Joe Morbitzer, who was known as an habitual violator of the prohibition laws of both the State of Texas and the United States, in the violation of such laws and was intended for use as evidence against the said Joe Morbitzer in the contemplated prosecution of the said Joe Morbitzer for such violations."

Appellant testified on the trial that his possession and transportation of the whiskey in question grew out of his connection, as an informer, with Federal enforcement officers for whom he worked, and upon whose instructions he would locate illicit liquor sellers, and buy liquor from them to be used as evidence and in order to enable such officers to inaugurate searches and prosecutions against such parties, and that such was his purpose in the transportation of the liquor in question. Manifestly a statement such as is shown in the

above quotation, if made by him coincident with his arrest, would be res gestae of such offense, and admissible under all the authorities. Foster v. State, 101 Tex. Crim. Rep. 628; Odneal v. State, 100 Tex. Crim. Rep. 281; Copeland v. State, 249 S. W. 495; Hannon v. State, 96 Tex. Crim. Rep. 660; Strickland v. State, 98 Tex. Crim. Rep. 636; Newman v. State, 99 Tex. Crim. Rep. 323.

We deem it in line with the issues in this case to observe that if one be found in possession of more than a quart of intoxicating liquor, whether the same be in his home or his private office, or elsewhere in his possession, this would be deemed prima facie evidence of guilt of the illegal possession of such liquor; the fact of such possession is made by statute prima facie proof of his possession of same for the illegal purpose of sale, and in the absence of the introduction of any evidence by the accused, or of other facts showing that his possession thereof was not for the purpose of sale, this court would sustain a conviction for such illegal possession.

For the error above mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*