C. C. ROBERTS v. THE STATE.

No. 10639. Delivered February 13, 1929.

The opinion states the case.

*Culwell & Culwell* of Amarillo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of a forged instrument with the intent to pass the same as true; penalty, three years in the penitentiary.

No statement of facts or bills of exception appear in the record.

It is convincingly argued in a brief on file that the indictment exhibited in the transcript is insufficient to charge an offense. The prosecution was under Art. 998, P. C. (1925), which reads as follows:

"If any person shall knowingly have in his possession any instrument of writing, the making of which is by law an offense, with intent to use or pass the same as true, he shall be confined in the penitentiary not less than two nor more than five years."

The indictment charges the possession of a forged deed, which is set out by its tenor, and shows the name of the grantee in said deed to be entirely omitted throughout. Nor does the indictment contain averments which might give vitality to such an instrument. It may be admitted, we think, that such a deed is insufficient to convey a legal title upon its face. There may, however, exist extrinsic facts which, when proven, vitalize the instrument as a conveyance. 18 C. J., P. 176. It may further be conceded, we think, that an indictment under Art. 979, P. C., which describes a deed as above with-

out further explanatory averments would be insufficient. King v. State, 42 Tex. Crim. Rep. 113. This seems necessarily true from the language of Art. 979, defining forgery and which reads as follows:

"He is guilty of forgery who without lawful authority, and with intent to injure or defraud, shall make a false instrument in writing purporting to be the act of another, in such manner that the false instrument so made would (if same were true) have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever."

All of appellant's argument has for its basis the hypothesis that Art. 979 controls the instant case and is the only article defining forgery. If his premise were true, his conclusion, we think, might be conceded as correct. However, forgery has another definition which pointedly applies to the character of instrument set out in the indictment under discussion. This definition is embraced in Art. 1006, P. C. (1925), and has been set into the chapter relating to the forgery of land titles. The substance of this, in so far as it affects the question here discussed, denounces as an offense the forgery of any deed with an intent to make money or other valuable thing thereby or with any fraudulent intent whatever. Art. 1010 of the Penal Code, which follows the last above article and is explanatory thereof, provides among other things that in prosecutions under said Art. 1006, it shall be no defense to a prosecution under same that "the matter, act, deed, instrument or thing was in law, either as to substance or form, void," and further that it shall only be necessary to prove that the person charged "took any one step, or did any one act or thing in the commission of the offense, if from such step, act or thing any of the intentions hereinbefore mentioned, or any other fraudulent intention, may be reasonably inferred." This article read as it must be in connection with Art. 1006, which defines forgery of land titles, makes it plain that it is not indispensably necessary that the instrument alleged to have been forged be sufficient on its face to convey the legal title. If the accused take any step which evidences the intention described above, he is guilty of forgery, under Art. 1006, P. C., though the instrument alleged to have been forged be void. Passing upon this same question this Court has pointedly held that the omission of the name of the grantee from the instrument alleged to be forged would not invalidate the indictment. Phillips v. State, 6 Tex. Crim. App. 364,

This construction was apparently based upon the language of the statute embraced in Art. 1010, already quoted. We have here a case where the accused is charged with the possession of a forged deed. The forgery of such an instrument has, by the terms of Art. 1006 and Art. 1010, supra, been made an offense, whether the instrument is void or not, provided, of course, the intent described in said article is proven to be present. The possession of any instrument, the making of which is by law an offense, with the intent to use and pass the same as true is denounced and made punishable as a crime by Art. 998, P. C. (1925). Proof may have been lacking to show the commission of this offense but this matter we cannot determine in the absence of a statement of facts. The cases of Johnson v. State, 40 Tex. Crim. Rep. 611, and King v. State, 42 Tex. Crim. Rep. 113, discuss the general forgery statute as defined in Art. 979. The question here decided was not noticed and we do not regard these cases or any of like character as controlling the disposition of the question here present.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.