## Fred Tetmeyer v. The State.

No. 13078.   Delivered March 26, 1930.
Reported in 26 S. W. (2d) 266.

The opinion states the case.

*L. C. Counts* of Olney, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

Operating under a search warrant, officers searched appellant's residence and found therein a large quantity of beer. A witness for the state testified that he had bought some beer from appellant a short time before the raid. Appellant's wife admitted that she had manufactured the beer, and testified that she used it for medicinal purposes. Appellant testified that he had nothing to do with making the beer, but admitted that he drank it at times and that he occasionally gave it to his neighbors. He denied that he had sold beer to anybody. Appellant's testimony was further to the effect that physicians had prescribed beer for his wife, she having stomach trouble.

In submitting the issue of possession of the beer for medicinal purposes, the court charged the jury as follows:

"I further charge you as a part of the law of this case that it is not unlawful for any person to possess for the purpose of sale intoxicating liquor for medicinal purposes only, therefore if you find and believe from the evidence or have a reasonable doubt thereof that the beer in question was manufactured and possessed by the defendant for medicinal purposes only you will acquit the defendant and say by your verdict not guilty."

Appellant timely and properly objected to the foregoing charge. The burden rested upon the state to prove not only the possession of the intoxicating liquor, but that the possession was for the purpose of sale. As applied to the count under which appellant was convicted, that is, possession of intoxicating liquor for the purpose of sale, appellant might have had the liquor for personal use as a beverage, but such possession would not have been inhibited by the statute. Under the instructions of the court, if the jury believed that appellant possessed the liquor for personal use as a beverage, he would have been guilty. Again the jury might have interpreted the charge to mean that appellant had the right to possess the liquor for the purpose of selling it for medicinal purposes, but that he had no right to possess it for use as medicine by his wife. The charge is clearly erroneous. Veasey vs. State, 97 Tex. Cr. R. 299.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.