Jack Colbert v. The State.

No. 13277. Delivered April 23, 1930.
Reported in 27 S. W. (2d) 214.

The opinion states the case.

*A. G. Wynne* of Kaufman and *E. A. Landman* of Athens, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for murder; punishment, twenty-five years in the penitentiary.

The facts need not be set out at any length. They show a regrettable killing resulting from a dispute between appellant and deceased over turkeys of the former which were permitted to run in the fields and pea patches of the latter. The two men cultivated adjoining premises. Appellant had some turkeys of which complaint had been made by deceased, and it appears that on the day of the homicide deceased shot some of appellant's turkeys that were in the field of deceased. Appellant heard the shooting, got his gun and went out to where deceased was going across the field. According to his version of the affair some words occurred, and, as viewed from his standpoint, deceased made a demonstration and the killing followed.

Appellant moved to quash the special venire, and also made an application for a continuance, neither of which will be discussed in view of what we regard as the necessary disposition of the appeal.

There is complaint of the admission of statements made by deceased after the shooting to the physician who attended him. According to the qualifications of the bill it is made to appear that same were part of the res gestae. Complaint of this admission is set up in bills of exception 3 and 4. We think no error is shown.

Bills of exception 5 and 6 present complaints at the charge of the court for instructing the jury that under certain circumstances they might give appellant a punishment greater than five years. The exceptions were well taken. There being in the indictment no allegation that the murder was upon malice aforethought, the trial court erred in the particular complained of.

Complaint appears in bills of exception 7 and 8 of the refusal of special charges seeking to have the jury instructed upon the right of appellant to kill in defense of his property. We have examined the record, and as it appears before us there seems no testimony calling for such submission. Appellant testified repeatedly that he did not shoot deceased because of the turkeys.

Complaint is made in bill of exception 9 of the charge on self-defense which instructed the jury that appellant had the right to defend under the circumstances therein stated against any attack made upon his wife or his children or himself. We perceive no error in this grouping.

There is no allegation in the indictment that the killing was upon malice aforethought. If the State desires upon another trial to ask for a penalty greater than five years, a new indictment containing such allegation should be returned.

For the errors mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*