Jim Johnson and J. M. Edwards v. The State.

No. 14086. Delivered April 8, 1931.
Rehearing Granted June 24, 1931.

The opinion states the case.

*Vickers & Campbell,* of Lubbock, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possession of intoxicating liquor for the purpose of sale, punishment being assessed at one year in the penitentiary against each appellant.

The indictment contained two counts. The first charged transportation and the second possession for the purpose of sale, of intoxicating liquor. Many of the exceptions to the court's charge are directed at the instructions regarding transportation. As the charge appears in the transcript only the second count of the indictment was submitted to the jury. The court evidently responded to the exceptions in so far as submitting the second count was concerned, and omitted altogether any instructions regarding it.

Officers watched Johnson and Edwards leave the town of Brownfield in a car belonging to Johnson. They lost sight of the car for probably twenty minutes. When they came up with it it was some two and a half miles out of town, was standing still, and Johnson and Edwards were both out of it. According to the officers' testimony, just as they came up Edwards reached in the car and drew from under a coat two full quart bottles of whisky which he slapped together, breaking one completely and cracking the other so the whisky was leaking from it. Some of the whisky from the cracked bottle was recovered by the officers. The defensive issue arose from the testimony given by one Gaston and the two appellants. Gaston claimed that earlier in the day he had bought a quart of liquor from one "Mick" who had taken Gaston to the point where the appellants were later apprehended; that Mick took from under some weeds a quart bottle which contained only a small quantity of whisky which Gaston drank; that Mick then produced from the same bunch of weeds a full quart which Gaston purchased; both it and the empty bottle were left there. Gaston further testified that after returning to town he met Edwards and went with him to a cafe operated by Johnson; that Edwards and Johnson wanted a drink of whisky and that he (Gaston) told them where the quart was he had purchased and gave them permission to get a drink from it. Both appellants gave testimony as to Gaston's permission for them to get a drink of the whisky and as to directions from him as to where it could be found. Both claimed that when they reached the place the empty bottle was first discovered and then the full quart; that they had just taken a drink and had not had time to again hide the whisky in the weeds before the officers drove up. Both appellants claimed that the bottles were not in the car but on the running board of it. They further claimed their only connection with or possession of the whisky was for the purpose of getting a drink.

The objections to the court's charge as found in the transcript are very confusing. After the court had amended his charge by omitting any instruction on transportation of the liquor if appellants had any objections to the revised charge they should have filed written objections thereto. Having failed to do so we are not called upon to consider the objections directed at the charge as originally prepared. Article 660, C. C. P. (1925); Kincaid v. State, 111 Texas Crim. Rep., 1, 10 S. W. (2d) 725; Hall v. State, 97 Texas Crim. Rep., 158, 260 S. W., 878; Jackson v. State, 103 Texas Crim. Rep., 252, 280 S. W., 808; Butler v. State, 105 Texas Crim. Rep., 228, 288 S. W., 218; Martin v. State, 107 Texas Crim. Rep., 46, 294 S. W., 595.

In connection with the subject last discussed we observe that we discover no vice in the charge in its definition of "prima facie" evidence. In that respect the charge seems to follow approved precedents. The same is true as to the definition of "possession". No charge on circumstantial evidence was called for under the facts.

The defense was that appellant's only connection with the whisky was to get a drink of it. The court pertinently told the jury if they believed or entertained a reasonable doubt that appellants or either of them had the whisky only for the purpose of taking a drink they would be guilty of no offense. The issue of fact thus sharply raised was decided by the jury against appellants and this court would not be justified in disturbing the verdict of the jury under the circumstances.

The judgment is affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Attached to the motion for rehearing is a paper bearing the signature of the members of the jury who rendered the verdict in this case, in which it is stated that since rendering the verdict there has come to their knowledge facts producing the belief that Johnson is not guilty. The court at which the trial took place adjourned on September 20, 1930. The document mentioned bears date April 14, 1931. It does not purport to be any part of the record, and its incorporation in the motion for rehearing filed in this court is manifestly improper. Its appearance in the motion carries the implication that favorable action upon the appeal is to be obtained from this court through matters which are not part of the record and which the court has no right to consider. The document will be expunged from the record with the hope that one of the same nature will not again be brought to the attention of the court. Such a document cannot benefit the accused. It does counsel no credit and this court no honor.

This appeal, so far as it relates to J. M. Edwards, is dismissed at his request.

The sufficiency of the evidence is vigorously assailed in the motion for rehearing. J. M. Telford, the sheriff, and A. T. Fowler, his deputy, testified upon behalf of the state. A summary of the testimony of the sheriff is as follows: The appellant, Johnson, and his companion, Edwards, were seen by the officers traveling in an automobile from Brownfield to a point two and one-half to three miles from Brownfield, where the car occupied by the appellants was parked in a place among the weeds on the side of the road. As the officers approached, Edwards took from his car two quart jars of liquor, one of which was nearly full of whisky. The other jar was broken to pieces but contained the odor of whisky. There were no other persons nearby. There were no tracks indicating the presence of any other persons. This occurred about twenty minutes after they left Brownfield.

Fowler's testimony was in substance the same as that of Telford, save that from the time the witness came in sight of their car the appellants did not leave it until Fowler got to it at the place described by Telford. Fowler further said that he did not see any persons present besides the appellants.

In his testimony Edwards verified the statement of Gaston with reference to the location of the whisky and the information and permission that was given Edwards by Gaston. As Edwards was about to go in his car to the place designated by Gaston, he found that his wife and baby were in the car, and met Johnson, who proposed that they go in his car. Following the directions he had received from Gaston, they went to the point where the arrest was made. Johnson was driving the car, and they drove to the place where the quart of whisky was hid. Edwards got out of the car and Johnson later followed him. He found an empty jar among the tumble-weed, which he put on the running-board of the car. He then found another quart jar which was nearly full of whisky. The jar that had the whisky in it was opened and they each took a drink. About that time the officers arrived. Edwards was fixing to hide the whisky but the sheriff arrived before he succeeded in doing so. Edwards testified that the whisky was not brought there by them. They had no trouble in finding the liquor.

Johnson testified that he learned of the presence of the whisky in a conversation between Edwards and his friend. His testimony touching the journey was in substance the same as that of Edwards, that is, that they found one empty jar and a quart jar which was practically full of whisky. They took a drink of the whisky. Edwards smashed the jars together. One of the jars was practically empty and cracked. He denied carrying the whisky to Brownfield. He also denied the possession of any whisky or interest in it further than to take a drink of it.

The quart jar in which the officers found some whisky was produced and identified at the trial.

In support of the proposition that the evidence does not support the verdict, the appellant cites the following cases: Rousey v. State, 110 Texas Crim. Rep., 33, 7 S. W. (2d) 557; Veasey v. State, 97 Texas Crim. Rep., 299, 260 S. W., 1054; Hester v. State, 97 Texas Crim. Rep., 510, 262 S. W., 484.

A number of exceptions to the court's charge are embraced in the document prepared by the appellant, to which the court appended the following statement:

"The above and foregoing objections and exceptions of the defendants to the court's main charge were presented to the court and the district attorney upon conclusion of the evidence and before the main charge was read to the jury, with the request that said charge be corrected and amended so as to conform thereto. The court, however, after correcting the charge refused to correct and amend the main charge save and except as shown in the charge as given to the jury herein, to which action of the court the defendants then and there excepted, and are allowed this as their bill of exceptions to the action of the court, which is hereby ordered filed by the Clerk as a part of the record herein, this the 1st day of September, 1930."

This statement of the judge leaves this court without any information as to what condition the charge was in when the exceptions were addressed to it. The court states that he amended the charge but declined to do so save in the particulars shown by the charge given. There is presented no additional information to this court, and it is without any knowledge as to what parts of the charge were under criticism at the time the court acted as indicated by his qualification.

The witness Gaston testified that he met Edwards at Brownfield, and together they entered a restaurant, where Edwards indicated that he wanted a drink of whisky and was told by Gaston that he had some whisky at a certain place near the road, at which place Edwards could find the whisky and get a drink; that the liquor had been put there by the person from whom it was purchased by Gaston. The witness disclaimed any relationship with the appellants.

To sustain the verdict the evidence must be such as warranted the jury in concluding, beyond a reasonable doubt, that the appellant, Johnson, possessed intoxicating liquor for the purpose of sale. See Veasey v. State, 97 Texas Crim. Rep., 299, 260 S. W., 1054; Rousey v. State, 110 Texas Crim. Rep., 33, 7 S. W. (2d) 557. To meet this burden, reliance is had upon the statute declaring that the possession of more than a quart of intoxicating liquor is prima facie evidence that such liquor was possessed for the purpose of sale. As affecting the appellant Johnson, the evidence is cogent in support of the claim that his connection with the liquor was for use as a beverage. See Hester v. State, 97 Texas Crim. Rep., 510, 262 S. W., 484. Rebutting the inference

of possession for sale is the testimony of Gaston, an apparently disinterested witness, and of Edwards, who was the main actor in bringing Johnson in contact with the liquor, and who has withdrawn his appeal.

Upon reflection, especially in the aspect in which the appeal stands since the withdrawal of the appeal of Edwards, the conclusion is expressed that as to Johnson, the motion should be granted, the judgment affirming the case set aside, the judgment of the district court reversed and the cause remanded.

*Reversed and remanded.*