## Jack Colbert v. The State.

No. 14881.   Delivered November 13, 1931.
Rehearing Denied December 16, 1931.

The opinion states the case.

*E. A. Landman,* of Athens, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for murder; penalty assessed at confinement in the penitentiary for five years.

To secure a reversal, the appellant relies upon two bills of exception. In the first bill is set out the testimony of Bige L. O'Neal, who was not present at the trial but whose testimony given upon the former trial of the appellant was reproduced. In the bill it is shown that the appellant was convicted at a former trial for the same homicide upon which the present conviction was had, and on appeal to this court there was a reversal of the judgment. See Colbert v. State, 115 Texas Crim. Rep., 363, 27 S. W. (2d) 214. Upon the former trial, the appellant was condemned to confinement in the penitentiary for a period of twenty-five years. A reversal was ordered for the reason that the indictment, failing to charge that the accused acted with malice aforethought, was not in compliance with the law. This matter is discussed in some detail in the case of Swilley v. State, 114 Texas Crim. Rep., 228, 25 S. W. (2d) 1098, and other cases. After his case was reversed, the indictment upon which the appellant was tried was dismissed, and the present conviction is upon an indictment charging that the homicide was committed with malice aforethought and is in full compliance with the statute, article 1257a, as amended by chapter 274, section 2, Acts of 40th Legislature, Regular Session. The contention is the same as that made in the case of Herrera v. State, 117 Texas Crim. Rep., 389, 36 S. W. (2d) 515, where the contention was held untenable.

The second point upon which the appellant bases his right to a reversal is that the constitutional provision demanding that the accused shall be confronted by witnesses against him was violated. See article 1, section 10, Const. of Texas. It is not contended that the testimony on the former trial could not be reproduced. While that subject, was one in controversy, it has been decided by this court that, with proper predicate, the testimony given upon a former trial may be reproduced. See Pratt v. State, 53 Texas Crim. Rep., 281, 109 S. W., 138.

On the subject mentioned, the bill contains the following: "The State did not lay a sufficient predicate to offer such testimony. The substance of the predicate being as follows: A subpoena issued to El Paso County, Texas, and the witness was located in New Mexico and was to go to El Paso to be subpoenaed. Money was forwarded to the witness, who refused to go to El Paso and answered by Western Union that he had been robbed and did not have the money."

"The evidence did not show that the witness had abandoned his residence in Texas, but merely disclosed that he was in New Mexico."

As it appears in the record, the alleged fact that O'Neal was not a non-resident is in the nature of a mere objection and is not verified by the certificate of the trial judge. The precedents upon the subject are

numerous and are found collated in Texas Jurisprudence, vol. 4, sec. 206, p. 294, where, among other things, it is said: "The truth of the objections must be verified by the bill, that is, the bill must show that the objections stated are founded in fact and that the grounds of objection are true, and must set out such facts, and so much of the evidence as may be necessary for that purpose."

See also Moore v. State, 111 Texas Crim. Rep., 461, 14 S. W. (2d) 1041; Miller v. State, 112 Texas Crim. Rep., 194, 15 S. W. (2d) 1043; Rousey v. State, 110 Texas Crim. Rep., 33, 7 S. W. (2d) 557; Cochran v. State, 112 Texas Crim. Rep., 390, 16 S. W. (2d) 1065.

Aside from the matter last mentioned above, it is not shown by the record that all the facts heard by the jury upon the trial from which this appeal is prosecuted are now before the court. The record, if understood, goes no further than to show that upon the trial of the appellant in the present case the reproduced testimony of the witness O'Neal introduced in evidence was material and received over objection. Unless the record in a given case shows the contrary, the presumption is indulged on appeal that in approving the judgment, the action of the trial court was proper. In Texas Jur., vol. 4, sec. 167, p. 234, it is said: "So, in the absence of a statement (of facts), the appellate court will not pass upon the sufficiency of the evidence, or, as a rule, review rulings admitting or excluding evidence, or alleged errors in the charge or the refusal to give requested charges."

See also section 169, p. 236, of the same text and cases cited, including Roberts v. State, 112 Texas Crim. Rep., 16, 13 S. W. (2d) 862; Steed v. State, 104 Texas Crim. Rep., 579, 286 S. W., 222.

In the present appeal, the most that can be said is that the evidence of O'Neal was admitted without proper predicate for its introduction. If that be assumed, it is not shown that there was not other evidence sufficient to render conclusive the correctness of the verdict. As the record stands, however, the presumption is indulged, in the absence of contradiction by the bill of exceptions, that in receiving the evidence of O'Neal, the court had before it the facts which justified the reception of the evidence.

Giving effect to the law, as understood by the members of this court, regard for duty demands that the judgment be affirmed. It is so ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant seems to be under the impression that because the present trial was under a new indictment bearing a different number from that under which the former trial was had that it was not the *same case,* although it was the same offense and therefore

the evidence taken of a witness upon the former trial could not be reproduced on the present trial.

In Bishop's New Criminal Procedure, vol. 2, sec. 1195, is found stated the following: "* * * if there has been a prior proceeding involving the same issue between the same parties, conducted regularly in pursuance of law, and therein the defendant had the opportunity to cross examine the witnesses against him, not otherwise—what was on such former hearing testified to by a witness whose presence can not now be had may be shown against the defendant. * * *"

Practically this same proposition was copied from an earlier edition of Bishop and given approval in Hart v. State, 15 Texas App., 202, 49 Am. Rep., 188. There accused had been charged with assault with intent to murder and an examining trial held under such accusation and the testimony of the witness reduced to writing. Before an indictment could be returned the injured party died and accused was indicted for murder. Upon the trial evidence of a witness taken at the examining trial (the witness having died in the meantime) was admitted over the same objection as now urged by appellant; viz: that assault with intent to murder was not the same case as one charging murder. The objection was held by this court to be untenable. The same situation exactly was presented in Dunlap v. State, 9 Texas App., 179, 35 Am. Rep., 736. In discussing the same contention as now made by appellant the court said in the opinion in the Dunlap case: "* * * We are of opinion that, practically, the difference between the two cases, as put by the objection, is rather imaginary than real. It is not pretended (but) that the two investigations involved the same transaction, the difference being as to the grades of the offense merely, affecting the defendant only as to the punishment. Both were between the same parties—the State on the one hand and the defendant on the other."

See also Stone v. State, 111 Texas Crim. Rep., 547, 15 S. W. (2d) 18, where the principle is approved, but the reproduction of the testimony there offered was rejected because the issues in the two cases were not substantially the same.

In Underhill's Criminal Evidence, 3rd Ed., sec. 415, treating of the same subject, it is said: "The later trial should be for the same offense, and the accused person should be the same as in the former. It is not material that the later trial is under another indictment, if the offense charged and the parties are identical."

As supporting the text are cited Reynolds v. U. S., 98 U. S., 145, 25 L. Ed., 244; Putnal v. State, 56 Fla., 86, 47 S., 864. These cases seem to be directly in point and are adverse to appellant's contention.

The other points urged by appellant in the motion for rehearing are sufficiently considered and discussed in the original opinion.

The motion for rehearing is overruled.                    *Overruled.*